# DAVENPORT BANK *v.* DAVENPORT BOARD OF EQUALIZATION.

### ERROR TO THE SUPREME COURT OF IOWA.

Submitted October 11, 1887. — Decided October 31, 1887.

Section 5219, Rev. Stat., respecting the taxation of national banks, does not requi e perfect equality between state and national banks, but only that the system of taxation in a State shall not work a discrimination favorable to its own citizens and corporations and unfavorable to holders of shares in national banks.

If a state statute creating a system of taxation does not on its face discriminate against national banks, and there is neither evidence of a legislative intent to make such discrimination, nor proof that the statute works an actual and material discrimination, there is no case for holding it to be unconstitutional.

THIS was a proceeding in a state court of Iowa to relieve a national bank from an alleged excessive rate of taxation. The judgment below for the defendant was affirmed by the Supreme Court of the State on appeal. This writ of error was sued out to review that judgment of affirmance. The case is stated in the opinion of the court.

*Mr. A. J. Hirschl* and *Mr. W. T. Dittoe* for plaintiff in error cited: *Van Allen* v. *Assessors*, 3 Wall. 581; *German American Savings Bank* v. *Burlington*, 54 Iowa, 609; *Murray* v. *Charleston*, 96 U. S. 432; *Hartman* v. *Greenhow*, 102 U. S. 672; *Horne* v. *Green*, 52 Mississippi, 452; *Board of Commissioners* v. *Elston*, 32 Ind. 27; *Stuart* v. *Palmer*, 74 N. Y. 183; *Hubbard* v. *Supervisors*, 23 Iowa, 130; *Ohio Life & Trust Co.* v. *Debolt*, 16 How. 416; *Pollard* v. *Zuber*, 65 Ala. 628; *People* v. *Weaver*, 100 U. S. 539; *Adams* v. *Mayor*, 95 U. S. 22; *Chicago* v. *Lunt*, 52 Ill. 414; *People* v. *Commissioners*, 4 Wall. 244; *Worth* v. *Railroad Co.*, 89 Nor. Car. 291; *Miller* v. *Heilbron*, 58 Cal. 133; *Loftin* v. *Citizens' Bank*, 85 Ind. 341; *Pelton* v. *National Bank*, 101 U. S. 539; *San Mateo County* v. *Southern Pacific Railroad*, 13 Fed. Rep. 722; *Santa*

*Clara County* v. *Southern Pacific Railroad,* 18 Fed. Rep. 385.

*Mr. L. M. Fisher, Mr. C. A. Ficke,* and *Mr. E. E. Cook* for defendants in error cited: *Hubbard* v. *Supervisors,* 23 Iowa, 130; *Miller* v. *Heilbron,* 58 Cal. 133; *People* v. *Weaver,* 100 U. S. 539; *Evansville* v. *Britton,* 105 U. S. 322; *Stanley* v. *Albany,* 121 U. S. 535; *Supervisors* v. *Stanley,* 105 U. S. 305; *Henkle* v. *Keota,* 68 Iowa, 334; *Davenport* v. *Board of Equalization,* 64 Iowa, 140; *Morseman* v. *Younkin,* 27 Iowa, 350; *Cook* v. *Burlington,* 59 Iowa, 251; *Bank* v. *Tennessee,* 104 U. S. 493; *Farrington* v. *Tennessee,* 95 U. S. 687; *Railroad Co.* v. *Hoge,* 99 U. S. 348; *Davenport Bank* v. *Mittelbuscher,* 4 McCrary, 361; *United States* v. *Union Pacific Railroad,* 91 U. S. 72; *Lionberger* v. *Rouse,* 9 Wall. 468; *Mercantile Bank* v. *New York,* 121 U. S. 138; *Boyer* v. *Boyer,* 113 U. S. 701; *Board of Commissioners* v. *Elston,* 32 Ind. 27; *Champaign County Bank* v. *Smith,* 7 Ohio St. 42; *People* v. *Home Ins. Co.,* 29 Cal. 533; *People* v. *Commissioners,* 4 Wall. 244; *Newark Banking Co.* v. *Newark,* 121 U. S. 163; *Adams* v. *Mayor,* 95 U. S. 19.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Iowa.

The question presented grows out of the allegation on the part of the bank, which is a national bank located in Iowa, that the shares of its stock are taxed at a rate which is in excess of the taxes levied upon other moneyed capital of the State. The foundation of this allegation is, that the statute of the State on this subject taxes savings banks, one of which is in the same town with the plaintiff, on the amount of its paid-up capital, and does not tax the shares of those banks held by the individual shareholders. The case, passing through the proper stages in the state tribunals, was decided by the Supreme Court against the plaintiff.

The proposition of counsel seems to be, that the capital of

savings banks can be taxed by the State in no other way than by an assessment upon the shares of that capital held by individuals, because, under the act of Congress, the capital of the national banks can only be taxed in that way. It is strongly urged that in no other mode than by taxing the stockholders of each and all the banks can a perfect equality of taxation be obtained. The argument is not conclusive, if the proposition were sound; for the act of Congress does not require a perfect equality of taxation between state and national banks, but only that the shares of the national- banks shall not be taxed at a higher rate than other moneyed capital in the hands of individuals. That this does not mean entire equality is evident from the fact that, if the capital of the national banks were taxed at a much lower rate than other moneyed capital in the State, the banks would have no right to complain, and the law in that respect would not violate the provisions of the act of Congress for the protection of national banks.

It has never been held by this court that the States should abandon systems of taxation of their own banks, or of money in the hands of their other corporations, which they may think the most wise and efficient modes of taxing their own corporate organizations, in order to make that taxation conform to the system of taxing the national banks upon the shares of their stock in the hands of their owners. All that has ever been held to be necessary is, that the system of state taxation of its own citizens, of its own banks, and of its own corporations shall not work a discrimination unfavorable to the holders of the shares of the national banks. Nor does the act of Congress require anything more than this; neither its language nor its purpose can be construed to go any farther. Within these limits, the manner of assessing and collecting all taxes by the States is uncontrolled by the act of Congress.

In the case before us the same rate per cent is assessed upon the capital of the savings banks as upon the shares of the national banks. It does not satisfactorily appear from anything found in this record that this tax upon the moneyed capital of the savings banks is not as great as that upon the shares of stock in the national banks. It is not a necessary nor

a probable inference from anything in this system of taxation that it should be so, and it is not shown by any actual facts in the record that it is so. If then neither the necessary, usual or probable effect of the system of assessment discriminates in favor of the savings banks against the national banks upon the face of the statute, nor any evidence is given of the intention of the legislature to make such a discrimination, nor any proof that it works an actual and material discrimination, it is not a case for this court to hold the statute unconstitutional.

The whole subject has been recently considered by this court in the case of *Mercantile Bank* v. *New York*, 121 U. S. 138. In that opinion it was held that, while the deposits in the savings banks of New York constituted moneyed capital in the hands of individuals, yet it was clear that they were not within the meaning of the act of Congress in such a sense as to require that because they were exempted from taxation the shares of stock in national banks must also be exempted. The reason given for this is that the institutions generally established under that name are intended for the deposits of the small savings and accumulations of the industrious and thrifty ; that to promote their growth and progress is the obvious interest and manifest policy of the State; and, as was said in *Hepburn* v. *School Directors*, 23 Wall. 480, it could not have been the intention of Congress to exempt bank shares from taxation because some moneyed capital was exempt.

It is unnecessary to inquire whether the savings banks of Iowa are based upon principles similar to those of New York which were the subject of the opinion in *Mercantile Bank* v. *New York*, for while in that case the savings banks were exempt from taxation, the Iowa statute imposes a tax upon them equal to that imposed upon the shares of the national banks. The whole subject is so fully reviewed and reconsidered in that opinion, delivered less than a year ago, that it would be but a useless repetition to go farther into the question.

The judgment of the Supreme Court of Iowa is

*Affirmed.*