NEVADA NAT. BANK OF SAN FRANCISCO v. DODGE, Assessor, et al.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1902.)

No. 794.

1. TAXATION—NATIONAL BANK STOCK—CALIFORNIA STATUTE.

The provision of Pol. Code Cal. § 3609, relating to the assessment and taxation of national bank shares, that in making the assessment to each stockholder there shall be deducted from the value of his shares "such sum as is in the same proportion to such value as the total value of its real estate and property exempt by law from taxation bears to the whole value of all the shares of capital stock in said national bank," is valid and enforceable, when construed in harmony with the other parts of the section and the express declaration therein that such shares shall not be taxed at a greater rate than other moneyed capital in the hands of individual citizens of the state; its purpose being to require the deduction from the total value of the bank stock, not only of the value of its real estate, which is taxable to the bank, but also of the value of all other property owned by the bank which would be exempt from taxation, under the laws of the state, in the hands of owners of other moneyed capital, and to thus fix the basis for the value of shares in the hands of the stockholders.

2. SAME—EXCESSIVE TAXATION OF BANK SHARES.

The provisions of Rev. St. § 5219 [U. S. Comp. St. 1901, p. 3502], that the taxation of national bank shares by a state shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the state, does not require the state to conform its system of taxation with respect to local banking corporations to that applied to national bank shares, and it is not violated because a state taxes the property, instead of the shares, of domestic corporations.

3. SAME—CALIFORNIA STATUTE.

Pol. Code Cal. § 3609, construed, and *held* to give stockholders in national banks the right to the same deductions from the assessed value of their shares as is allowed to local banks and individual owners of other moneyed capital.

4. SAME—NOTICE OF ASSESSMENTS.

Stockholders of a national bank are required to take notice of the law of the state providing for the assessment and taxation of their shares, and of a general law creating a board of equalization and fixing the time and place where they may appear for the purpose of applying for a reduction of their assessments; and a notice required to be given to the bank of the assessment of the shares of its respective stockholders is sufficient notice to the stockholders, in connection with such statutory provisions.

Appeal from the Circuit Court of the United States for the Northern District of California.

T. I. Bergin, for appellant.

Franklin K. Lane, City Atty., and W. I. Brobeck, Asst. City Atty., tor appellees.

Before GILBERT, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

DE HAVEN, District Judge. The appellant is a national banking association, with its principal place of business at San Francisco, in the state of California, and the bill of complaint in this case was filed by it to enjoin the assessment of its shares of stock to the individual owners thereof; and, the assessment having been made, supplemental bills were filed by it to restrain the collection of the taxes levied upon the assessed value of such shares. The case was submitted to the circuit court for decision upon the pleadings and upon an agreed statement of facts, and thereupon a decree was entered by that court dismissing the bill and supplemental bills. The assessment in question was made under an act of the legislature of the state of California, approved March 14, 1899 (St. 1899, p. 96), amending sections 3608 and 3609 of the Political Code of the state of California, and adding thereto a new section, numbered 3610. The sections referred to are as follows:

"3608. Shares of stock in corporations possess no intrinsic value over and above the actual value of the property of the corporation which they stand for and represent; and the assessment and taxation of such shares, and also all the corporate property, would be double taxation. Therefore, all property belonging to corporations, save and except the property of national banking associations not assessable by federal statute, shall be assessed and taxed. But no assessment shall be made of shares of stock in any corporation, save and except in national banking associations, whose property, other than real estate, is exempt from assessment by federal statute.

"3609. The stockholders in every national banking association doing business in this state, and having its principal place of business located in this state, shall be assessed and taxed on the value of their shares therein; and said shares shall be valued and assessed as is other property for taxation, and shall be included in the valuation of the personal property of such stockholders in the assessment of the taxes at the place, city, town, and county where such national banking association is located, and not elsewhere, whether the said stockholders reside in said place, city, town, or county, or not; but in the assessment of such shares, each stockholder shall be allowed all the deductions permitted by law to the holders of moneyed capital in the form of solvent credits, in the same manner as such deductions are allowed by the provision of paragraph six of section thirty-six hundred and twenty-nine of the Political Code of the state of California. In making such assessment to each stockholder, there shall be deducted from the value of his shares of stock such sum as is in the same proportion to such value as the total value of its real estate and property exempt by law from taxation bears to the whole value of all the shares of capital stock in said national bank. And nothing herein shall be construed to exempt the real estate of such national bank from taxation. And the assessment and taxation of such shares of stock in said national banking associations shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state.

"3610. The assessor charged by law with the assessment of said shares shall, within ten days after he has made such assessment, give written notice

to each national banking association of such assessment of the shares of its respective shareholders; and no personal or other notice to such shareholders of such assessment shall be necessary for the purpose of this act. And in case the tax on any such stock is unsecured by real estate owned by the holder of such stock, then the bank in which said stock is held shall become liable therefor; and the assessor shall collect the same from said bank; which may then charge the amount of the tax so collected to the account of the stockholder owning such stock, and shall have a lien, prior to all other liens, on his said stock, and the dividends and earnings thereof, for the reimbursement to it of such taxes so paid."

1. It is claimed by appellant that this statute is inoperative and void, because of the following direction contained in section 3609 of the Political Code, above set out:

"In making such assessment to each stockholder, there shall be deducted from the value of his shares of stock such sum as is in the same proportion to such value as the total value of the real estate and property exempt by law from taxation bears to the whole value of all the shares of capital stock in said national bank."

It is argued that this is a specific direction by which the assessor must be governed, and as all the property of a national bank, except the real estate owned by it, is exempt by law from state taxation, the deductions which are thus directed to be made, will leave nothing in value in the shares to assess, and, quoting the language for counsel for appellant:

"Thus is presented the case of a legislative mandate to exempt from assessment the whole subject of assessment. This construction renders the statute inoperative and void."

Unquestionably, if the sentence above set out is to be construed literally and without reference to the context, the proposition for which the appellant contends is not without support; but it is a general rule of construction that the intention of the legislature is to be collected from the whole and every part of the statute, and not from some particular clause or sentence therein, and, if it is possible so to do, its language must be so interpreted that the statute will be operative, and absurd and mischievous results avoided.

"It is one of the great maxims of interpretation to keep always in view the general scope, object, and purpose of the law, rather than its mere letter." Rutledge v. Crawford, 91 Cal. 533, 27 Pac. 779, 13 L. R. A. 761, 25 Am. St. Rep. 212.

"A rigid and literal meaning would in many cases defeat the very object of the statute, and would exemplify the maxim that 'the letter killeth, while the spirit keepeth alive.' Every statute ought to be expounded, not according to the letter, but according to the meaning; * * * and the intention is to govern, although such construction may not in all respects agree with the letter of the statute." Tracy v. Railroad Co., 38 N. Y. 437, 98 Am. Dec. 54.

The object of the statute under consideration was to provide for the assessment and taxation of shares of stock in national banking associations, and it is expressly declared therein that:

"The assessment and taxation of shares of stock in said national banking association shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state."

Now, it is evident that the purpose of the legislature in further providing, in the same section, that in the assessment of their shares certain deductions should be allowed stockholders in national bank-

ing associations, was to carry out this express declaration that the taxation of such shares should not be at a greater rate than that assessed upon other moneyed capital. This being so, the particular sentence relating to such deductions, upon which appellant relies, should be construed as requiring the assessor to first deduct from the total value of all its shares of stock the value of the real estate and all other property owned by the national banking association which under the laws of the state would be exempt from taxation in the hands of owners of other moneyed or competing capital, and then to assess to each individual stockholder his proportionate part of the remainder. This construction brings the sentence under consideration in harmony with the other parts of the section in which it appears, and gives effect to the general object which the legislature had in view in the enactment of the statute.

2. Section 5219 of the Revised Statutes [U. S. Comp. St. 1901, p. 3502] provides that:

"The legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere."

It cannot be doubted that the state, in the taxation of shares of stock in national banking associations, must observe the restrictions contained in this section of the Revised Statutes. People v. Weaver, 100 U. S. 543, 25 L. Ed. 705; Owensboro Nat. Bank v. City of Owensboro, 173 U. S. 664, 19 Sup. Ct. 537, 43 L. Ed. 850. In the case last cited the court referring to section 5219 of the Revised Statutes [U. S. Comp. St. 1901, p. 3502], said:

"This section, then, of the Revised Statutes, is the measure of the power of a state to tax national banks, their property, or their franchises. By its unambiguous provisions the power is confined to a taxation of the shares of stock in the names of the shareholders and to an assessment of the real estate of the bank. Any state tax, therefore, which is in excess of, and not in conformity to, these requirements, is void."

The appellant contends that the statute of California relating to the assessment of shares in national banking associations is in conflict with that provision of the foregoing section of the Revised Statutes which declares that the taxation of such shares "shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state." The first ground urged in support of this proposition is that under the law of the state of California the shares of local banking corporations are not subject to taxation, but only the property of such corporations; and it is urged that this difference in the mode of assessment imposes upon the owners of shares in national banking associations a greater burden of taxation than is imposed upon stockholders in local banking corporations. It is true that under the system of taxation in force in the state of California, when all of the property belonging to a corporation is assessed to the corporation itself, the shares of such corporation are not assessable in the hands of individual share-

holders. Pol. Code Cal. § 3608. People v. Badlam, 57 Cal. 601. In the case just cited, Mr. Justice Ross, in delivering the opinion of the court, observed:

"Now, what is the stock of a corporation but its property, consisting of its franchise and such other property as the corporation may own? Of what else does it consist? If all this is taken away, what remains? Obviously nothing. When, therefore, all of the property of the corporation is assessed,—its franchise and all of its other property of every character,— then all of the stock of the corporation is assessed, and the mandate of the constitution is complied with."

And it was further said in the same opinion:

"To assess all the corporate property of the corporation, and also to assess to each of the stockholders the number of shares held by him, would, it is manifest, be assessing the same property twice,—once in the aggregate to the corporation, the trustee of all the stockholders, and again separately to the individual stockholders, in proportion to the number of shares held by each."

We are unable to see that, under the system of assessment provided for in the California statute, shares in national banking associations are valued higher in proportion to their real value than moneyed or competing capital of local banking corporations. The mode of assessing such shares directly to the owners thereof is certainly different from the indirect method of assessing the interest of stockholders of local banking corporations in the property of such corporations; but, under the statute as we interpret it, all property which, if owned by a local banking corporation or citizen of the state, would be exempt from taxation under the state law, is, when owned by a national banking association, to be deducted from the total value of its shares in ascertaining the value of such shares for the purpose of assessment. Under this mode of proceeding no greater burden of taxation is imposed upon capital invested in national banking associations than is placed upon competing moneyed capital in the hands of individual citizens or local banking corporations; and, this being so, there is no conflict between the statute of the state and section 5219 of the Revised Statutes [U. S. Comp. St. 1901, p. 3502]. In exercising the power conferred by this section of the Revised Statutes, the state is not required to change its system of taxation, and assess the shares of stock of its own local banking corporations directly to the holders thereof, so as to conform to the precise method which it follows in the assessment of shares of national banking associations. All that is required is that shares in national banking associations shall not be taxed by the state at a higher rate than other moneyed capital in the hands of individual citizens of the state. This was so expressly ruled in Davenport Nat. Bank v. Davenport Board of Equalization, 123 U. S. 85, 8 Sup. Ct. 73, 31 L. Ed. 94, in which case the supreme court, speaking through Mr. Justice Miller, said:

"It has never been held by the court that the state should abandon systems of taxation of their own banks, or of the money in the hands of other corporations, which they may think the most wise and efficient modes of taxing their own corporate organizations, in order to make that taxation conform to the system of taxing the national banks upon the shares of their stock in the hands of their owners. All that has ever been held to be necessary is that the system of state taxation of its own citizens, of its own banks, and of its own corporations shall not work a discrimination

unfavorable to the holders of the shares of the national ·banks. Nor does the act of congress require anything more than this. Neither its language nor its purpose can be construed to go any farther. Within these limits, the manner of assessing and collecting all taxes by the states is uncontrolled by act of congress."

It is further urged by the appellant that shareholders in national banking associations are not allowed by the statute under consideration to deduct from the value of the shares owned by them the amount of unsecured debts which they owe to bona fide residents of the state, while local banks and individuals are permitted, under the system of taxation in force in California, to make such deductions from the amount of unsecured solvent credits owned by them, and that in this respect the statute is in conflict with section 5219 of the Revised Statutes [U. S. Comp. St. 1901, p. 3502]. We think, however, that under section 3609 of the Political Code such deductions are allowed to the stockholders of national banking associations. It is therein provided that:

"In the assessment of such shares, each stockholder shall be allowed all the deductions permitted by law to the holders of moneyed capital in the form of solvent credits, in the same manner as such deductions are allowed by the provisions of paragraph six of section thirty-six hundred and twenty-nine of the Political Code of the state of California."

If it should be conceded, as is claimed by appellant, that this language is not sufficient to authorize the assesser to make such deductions from the value of shares in national banking associations as are permitted by law to the holders of moneyed capital in the form of solvent credits, because such shares are not solvent credits, still authority for making such deductions is found in the further provision that:

"The assessment and taxation of such shares of stock in said national banking association shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state."

In order to effect this object, the assessor not only may, but in our opinion he is required (in assessing shares of national banking associations) to, make all deductions from the value of such shares which are permitted in the assessment of moneyed or competing capital of local banks and individual citizens of the state. But, even if the statute made no provision for such deductions, it would not follow that the assessment of which appellant complains is void; for it does not appear that any of its stockholders was indebted to a bona fide resident of the state. Albany Co. v. Stanley, 105 U. S. 305, 26 L. Ed. 1044.

3. The appellant also contends that the statute under which its shares were assessed is void, in that it does not provide for notice to the stockholders of the proceeding by which the assessment of their shares is to be made, and does not give to them an opportunity to be heard in relation thereto. Section 3610 of the Political Code provides that:

."The assessor charged by law with the assessment of said shares shall, within ten days after he has made such assessment, give written notice to each national banking association of such assessment of the shares of its respective shareholders; and no personal or other notice to such shareholders of such assessment shall be necessary for the purpose of this act."

We are unable to assent to the proposition that the notice thus provided for is insufficient, when considered in connection with other sections of the Political Code of the state (sections 3672–3682), which provide for a board of equalization, with power to hear complaints respecting the justice of any assessment, and also prescribe the time and place when and where such complaints may be heard. The shares of national banking associations are assessed under a general law, of which the stockholders must take notice; and the time and place when and where a stockholder may appear for the purpose of applying for a reduction of the valuation placed upon his property is fixed by a general law, of which he must also take notice. This is, we think, under all of the authorities, sufficient notice of proceedings for the assessment and taxation of property. In the language of the supreme court in Palmer v. McMahon, 133 U. S. 669, 10 Sup. Ct. 324, 33 L. Ed. 772:

"The power to tax belongs exclusively to the legislative branch of the government; and when the law provides for a mode of confirming or contesting the charge imposed, with such notice to the person as is appropriate to the nature of the case, the assessment cannot be said to deprive the owner of his property without due process of law."

And in Kentucky Railroad Tax Cases, 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414, it was said:

"It has, however, been repeatedly decided by this court that the proceedings to raise the public revenue by levying and collecting taxes are not necessarily judicial, and that 'due process of law', as applied to that subject, does not imply or require the right to such notice and hearing as are considered to be essential to the validity of the proceedings and judgments of judicial tribunals. Notice by statute is generally the only notice given, and that has been held sufficient."

See, also, Vail's Ex'rs v. Runyon, 41 N. J. Law, 98; Cooley, Tax'n, pp. 265, 266.

It follows, from what has been said, that in our opinion the statute under which the assessment referred to in the bill of complaint was made is valid, and the decree of the circuit court should be, and accordingly is, affirmed.