NATIONAL STATE BANK *et al.*, v. THE MAYOR AND CITY COUNCIL OF BURLINGTON, IOWA, M. P. SHARTS, County Auditor, AND J. E. RHEIN, County Treasurer, Appellants.

Taxation of National Banks:  GOVERNMENT BONDS.   In determining the value of shares of stock in a national bank for the purpose of taxation, United States government bonds owned by the bank may be considered.

Same:   DISCRIMINATION AGAINST NATIONAL BANKS.    The method of taxation of national banks is substantially the same as that provided for state and savings banks, and the fact that government bonds owned by a national bank are to be considered in estimating the value of its shares of stock for taxation, while a private bank is to be assessed on its moneys and credits after making certain deductions, including government bonds owned by it, amounts to a distinction in the method of taxation and not a discrimination against national banks.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

WEDNESDAY, APRIL 8, 1903.

This is an appeal by defendants from the action of the lower court, reducing the assessment of plaintiff on an appeal from the local board of review of assessments for the year 1900.—*Reversed.*

*Geo. S. Tracy* for appellants.

*Huston & Lauder* for appellees.

McClain, J.—The proper officer of plaintiff having made a return to the assessor showing that the total amount of capital stock, surplus, and undivided earnings of plaintiff bank, after deducting therefrom the amount of real estate owned by said bank, was $139,724.10, the local board of review of assessments notified the plaintiff bank of a change of valuation from that fixed by the assessor, based on such statement, and, after due notice to the stockholders of an opportunity for hearing, fixed the value of its stock for taxation purposes, after deducting that part of the capital stock assessed as real estate, at $160 per share, corresponding to a total valuation of $240,000. There is no question but that this increased valuation was substantially on account of the ownership by the bank of $102,900 of United States government bonds, which were not included in the return made by the bank officer. On appeal by the bank from this action of the board of review, the trial court reduced the assessment to $150 per share, corresponding to the gross sum of $225,000, and then deducted therefrom the amount of the government bonds; leaving, as the net actual value of the total stock of plaintiff bank for the purpose of taxation, $122,100. It was further made to appear to the trial court that the bank had paid under protest the total amount of its taxes for the year 1900 on the basis of the valuation fixed by the board of review; and the court ordered an adjustment by the county auditor on the basis of the new valuation, and

a refund by the county treasurer of the excess of taxes paid over the amount which the bank should have been required to pay under the court's findings.

I.  Appellant contends that the deduction of the amount of United States bonds owned by the bank from the total valuation of its stock was erroneous, and relies upon the case of *German-American Savings Bank v. City of Burlington*, 118 Iowa, 84, in which this court reversed the action of the trial court in ordering a similar reduction, on an appeal by the savings bank from the same assessment by the same board of review. The assessments of the two banks were fixed by the same resolution of the board of review, and on the same basis; and the decision in the former case must be controlling in this, unless we shall conclude either that we reached an erroneous conclusion in the former case, or that the character of the bank now before us as a national bank makes inapplicable the principles applied in the former case to the assessment of a savings bank.

1. TAXATION of national banks: bonds.

We do not think it necessary to reexamine the grounds on which our decision in the former case was based. The distinction there pointed out between the taxation of the property of the bank and the value of the shares of stock of the bank has been so fully recognized by the Supreme Court of the United States in decisions cited in the former opinion that further discussion would be useless. It is conclusively settled that the state may provide for taxation of the shares of stock in a national bank on the basis of their value as determined by the entire assets of the bank, including United States bonds which it may own, and this is the method of taxation authorized by our statute on the subject. Code, section 1322. These shares of stock are assessed to the individual stockholders at the place where the bank is located, the officers of the bank being required to furnish the assessor with a list of the stockholders, and the number of shares owned by each; and

that was done in this case. The contention of counsel for the bank that the value placed on the shares, in the aggregate, exceeded the value of the property of the bank, even including United States bonds held by it, and therefore must have included some amount of valuation for good will, is not supported by the record, and we do not have before us any question involving the correctness of any such an assessment. . So far as this case is concerned, the sole question is whether, in fixing the value of the shares of the stockholders, the value of government bonds owned by the bank can be taken into account, and on this question we adhere without hesitation to our former decision..

II. It is contended, however, for the bank, that the provisions of Code, section 1321, construed in *German-American Savings Bank v. City of Burlington, supra,* as

2. SAME; discrimination against national banks. authorizing the inclusion of United States bonds in determining the valuation of shares of stock in a bank, amounts in the case of national banks to a discrimination against the holders of such shares, as compared with the owners of other moneyed capital, and is therefore in violation of the provisions of section 5219 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3502], regulating the taxation by the state of shares of stock in national banks. This contention seems to be based on the distinction between the method of assessment of private banks and bankers provided for in Code, section 1321, and the method provided in Code, section 1322, for assessing national, state, and savings banks. The distinction is simply this: that under Code, section 1321, private banks and bankers are to be assessed on a valuation determined by finding the aggregate amount of moneys and credits, after deducting deposits and debts, and also the aggregate actual value of bonds and stocks, after deducting the portion thereof exempt, which exemption, we have no doubt, includes United States bonds, while national, state, and

savings banks are not taxed directly by assessment of their property, but by means of the assessment of the shares of their capital stock, on a valuation depending to some extent, at least, on their moneys and credits, bonds and stocks, etc., not excluding United States bonds.   Counsel claim that there are no state banks in this state, and that corporations authorized by the laws of the state to do a banking business other than as savings banks are taxed under Code, section 1321, as private banks or bankers. But they are clearly wrong in this interpretation of the statute.    Such corporations are by Code, section 1861, expressly designated as state banks, and are required to have the word "state" incorporated in and made a part of the corporate name; and they are therefore taxable under Code, section 1322, by the taxation of the value of their shares of stock, although the assessment is to be made to the bank, and not to the individual stockholders.    The distinction, then, between the banks assessable under Code, section 1321, and those assessable under Code, section, 1322, is that, if the business is carried on by an individual or partnership, the first method is applicable, while, if carried on by a corporation having shares of stock, the assessment is by the second method. That there may be a distinction in method of assessment between one whose property is invested in an individual or partnership business, and another whose property is represented by shares of stock in a corporation, is too clear to require extended argument, and that such a distinction in method of assessment would not constitute a discrimination against national banks which are assessed in the same way as other banking corporations is put at rest by decisions of the Supreme Court of the United States, among which may be cited *Mercantile Bank v. New Yor'*, 121 U. S. 138 (7 Sup. Ct. Rep. 826, 30 L. Ed. 895), *Davenport Bank v. Davenport Board of Equalization*, 123 U. S. 83 (8 Sup. Ct. Rep. 73, 31 L. Ed. 94); *First National Bank v. Chap-*

*man,* 173 U. S. 205 (19 Sup. Ct. Rep. 407, 43 L. Ed. 669). It is not difference in method of assessment which is prohibited by the national banking act, already referred to, but discrimination against the holders of stock in national banks.

Our conclusion briefly is, first, that in estimating the value of shares of stock in national, state, or savings banks, the value of United States bonds owned by the the banks may be taken into account; second, that the taxation of national banks by valuation of the shares of stock owned therein (such shares being assessed to the stockholders at the place where the bank is located) is substantially the same as that authorized with reference to state and savings banks, which are directly taxed by valuation of the aggregate shares thereof (United States bonds being included in determining the valuation of the aggregate shares); third, that the taxation of private banks and bankers on the aggregate value of the property invested in the business, while incorporated banks, including national banks, are taxed by means of an assessment of the value of the corporate shares, does not constitute a discrimination as against national banks, although in the one case United States bonds are treated as exempt and deducted from the aggregate value of bonds and stocks, while in the other case the value of the corporate shares is determined by including the value of United States bonds.

The judgment of the lower court is therefore reversed, and the case remanded for the entry of a judgment in accordance with the views expressed in this opinion.— REVERSED.