THE FIRST NATIONAL BANK OF INDEPENDENCE, Appellee, v. THE CITY OF INDEPENDENCE *et al.*, Appellants.

Taxation of Bank Stock: APPEAL. Where the stock is assessed to the shareholders the bank itself is a party in interest and may appear before the board of review and complain of the assessment and prosecute an appeal.

Bank Stock: VALUE: GOVERNMENT BONDS: In determining the value of bank stock for the purpose of taxation, the value of government bonds held by the bank should be considered.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, APRIL 8, 1904.

PLAINTIFF in a national bank at Independence, this state, with a capital stock outstanding in the sum of $100,-000. In April, 1902, the city assessor, upon statements furnished him by the bank, and from information otherwise obtained, fixed the value of the stock of said bank for assessment purposes at the sum of $180,000. From said sum he deducted the sum of $20,000 as being the value of the real estate owned by the bank, and entered an assessment against the stockholders for the balance remaining. The bank appeared before the city council, and complained of the assessment, and asked that it be reduced in the sum of $26,000, and this for the reason that of the bank assets said sum was invested in bonds of the United States government, which were exempt from taxation. The board refused to make the reduction, and the bank appealed to the district court. Trial being had as provided for by law, the court entered a decree reducing the assessment as prayed. This appeal is prosecuted from such decree.—*Reversed.*

*H. W. Holman* and *Springer & Smith* for appellants.

*Lake & Harmon* for appellee.

BISHOP, J.—The complaint was made before the board of review by the bank, and the appeal to the district court was taken in the name of the bank. Upon the submission of
1. TAXATION the case to the trial court it was insisted that
of bank stock. the bank, as such, had no authority to make
complaint or to prosecute an appeal from the action of the board, and this for the reason that the assessment was made against the stockholders and not against the bank, and that the latter is not, therefore, the real party in interest. The point is again insisted upon in argument in this court. We think the contention is devoid of merit. True, the shares of stock are assessed to the stockholders, but they are to be assessed at the place where the bank is located, without reference to the place of residence of the stockholders. The of-

ficers of the bank are required to furnish a list of the stockholders, together with the number of shares owned by each, and to furnish the assessor with all data in its possession to enable him to arrive at the assessable value of the stock. As an ultimate proposition, the financial condition of the bank must dominate the amount of the assessment. So, too, by statute the bank is required to pay the taxes levied upon the stock pursuant to the assessment made. Code, section 1325. In a sense, therefore, and by force of the statute, the bank is the agent of its stockholders respecting the matter of assessment for taxation purposes and the payment of taxes levied. Moreover, the proceeding is in equity. The controversy affects a large number of stockholders, each in like manner, and while, undoubtedly, each might appear in person, make complaint, and take an appeal, still the merit of the controversy as affecting all can be as well determined in one proceeding. And this can surely find favor in equity, because thereby a multiplicity of actions is avoided. Taking into consideration the relation of the bank to its stockholders, and in view of the fact that it is called upon by law to answer for them in the matter of assessment, we conclude that it may be heard to make complaint in respect thereof for their benefit.

Coming to the merits of the controversy, we think the case is ruled by *Bank v. Mayor, etc.,* 119 Iowa, 696. The assessment is upon the shares of stock, not upon the assets of the bank, and the sole inquiry has relation to the value of such shares. Material to this inquiry are all the personal assets of the bank, and, as was said in the case cited, if United States bonds are owned by the bank, these should be taken into account. See, also, *Van Allen v. The Assessor,* 3 Wall. 573 (18 L. Ed. 229); *Palmer v. McMahon,* 10 Sup. Ct. 324 (33 L. Ed. 772); *Bank v. Burlington,* 118 Iowa, 84.

2. BANK stock: value: government bonds.

It follows that the decree of the trial court should be and it is REVERSED.