CASE 113—PROCEEDING BY THE COMMONWEALTH TO HAVE THE SHARES-
OF THE CITIZEN'S NATIONAL BANK OF DANVILLE ASSESSED FOR
TAXATION.—APRIL 15.

# Commonwealth v. Citizens' National Bank.

APPEAL FROM BOYLE CIRCUIT COURT.

FROM A JUDGMENT DISMISSING THE PROCEEDINGS, THE COMMON-
WEALTH APPEALS. REVERSED.

TAXATION—NATIONAL BANKS—SHARES—OMITTED TAXES—PROCEED-
INGS FOR COLLECTION—JURISDICTION—VALIDITY OF TAX LAW—
LIMITATION.

Held: 1. Kentucky Statutes, 1903, section 4241, providing that it
shall be the duty of the sheriff to cause to be listed for tax-
ation all property omitted by the assessor for any year or years,
authorizes the sheriff to list shares of bank stock which had
been omitted.

2. Kentucky Statutes, 1903, section 4241, relating to the listing for
taxation of omitted property by the sheriff or auditor's agent,
provides that the officer proposing to have such property as-
sessed shall file a statement relative thereto, and that the clerk
shall issue a summons against the owner as the commencement
of proceedings for the determination of the question as to lia-
bility to taxation. HELD, that the sheriff has capacity to com-
mence the proceedings in the name of the Commonwealth.

3. The national bank act (Rev. St., section 5210 [U. S. Comp. St.,
1901, p. 3498] ) provides that shares in any national bank may
be included in the valuation of the personal property of the
owner or holder of such shares in assessing taxes imposed by
authority of the State, and that the Legislature may determine
and direct the manner and place of taxing the shares of such
banks, subject only to the restriction that the taxation shall
not be at a greater rate than that assessed on other moneyed
capital, and that the shares of any non-resident of the State
shall be taxed in the city and town where the bank is located.
Act March 21, 1900 (Acts 1900, p. 65, c. 23), relative to the
taxation of national banks, provides that shares of stock in
national banks shall be subject to taxation for all State pur-
poses and the purposes of each county and city in which the

Commonwealth v. Citizens' National Bank.

bank is located, and that the bank shall be liable for the taxes upon the shares of stock. HELD, that the statute is not violative of the national bank act, since a State may levy a tax on the shares of stock, and require the bank to pay the tax.

4. Const., section 157, prescribes the tax rate for cities and taxing districts. Section 158 limits the amount of bonded indebtedness which may be incurred by any city or taxing district. Section 159 declares that when any city or taxing district is authorized to contract an indebtedness it must provide at the same time for taxes sufficient to pay the interest thereon. Section 180 declares that the General Assembly may authorize counties, towns, etc., to levy a poll tax, and section 181 declares that the General Assembly shall not impose taxes for the purpose of any county or municipal corporation, and may by general laws confer on the proper authorities thereof, respectively, the power to assess and collect such taxes. The national bank act (Rev. St., section 5210 [U. S. Comp. St., 1901, p. 3498] ) provides that the shares of any national bank shall be included in the valuation of the personal property of the owner in assessing taxes imposed by authority of the State. HELD, that Act March 21, 1900 (Acts 1900, p. 65, c. 23), whereby county authorities are authorized to levy taxes on the shares of a national bank, is not violative of the national bank act, inasmuch as such action on the part of the county authorities is the exercise of an authority delegated by the State.

5. Kentucky Statutes, 1903, section 4241, authorizes the taxation of property omitted from taxation in any previous year and the imposition of a penalty. Act March 21, 1900 (Acts 1900, p. 65, c. 23), relative to taxation of national banks, provides that the president and cashier shall list the shares of stock in the bank for taxation. HELD, that where the officers fail to so list the shares a penalty might properly be imposed in the proceedings for their taxation as omitted property.

6. Kentucky Statutes, 1903, section 4241, provides that property omitted from taxation in any year or years shall thereafter be listed for taxation as omitted, and provides that the summons in such proceedings shall be issued and delivered to the owner if in the county, and if not, then to his agent. Act March 21, 1900 (Acts 1900, p. 65, c. 23), relative to the taxation of shares of national banks makes the bank liable for payment of the tax. HELD that, on proceedings under section 4241, to have shares of stock in a national bank taxed as omitted property, notice to the bank is notice to the agent of the shareholders within the meaning of such section.

7. The president and cashier of the bank were properly made de-

fendants in such proceedings, it being their duty under the statute to list the stock for taxation.

8. In such proceedings the bank was not in position to raise the question of want of notice to the shareholders.

9. The bank could not raise the question that some of the shares might have changed hands.

10. Nor could the bank raise the question that the proceeding was violative of the fourteenth amendment of the Federal Constitution.

11. Kentucky Statutes, 1903, section 4241, provides that property omitted from taxation in any year or years shall thereafter be listed for taxation as omitted. HELD, that retrospective assessments are barred after five years from the time when the property should have been assessed.

12. Act March 21, 1900 (Acts 1900, p. 65, c. 23), provides for the taxation of shares of stock in national banks, and makes the bank liable for payment of the tax, etc. Kentucky Statutes, 1903, section 4241, provides that property omitted from taxation in any year or years shall thereafter be listed for taxation as omitted. HELD, that limitations began to run against an assessment of shares under section 4241 from the time when the shares might have been assessed otherwise than under the act of 1900, since that statute created no new right to tax the shares, but simply gave a new remedy.

13. On proceedings under section 4241 to list property for taxation as omitted, defendants may amend their answer so as to set up limitations.

ROBERT HARDING AND W. J. PRICE, ATTORNEYS FOR APPELLANT.

1. Our contention is, that under the act of the Legislature approved March 21, 1900, it is the *duty* of the *president* and *cashier* of national banks to list the shares of stock of their banks with the assessing officer, authorized to assess real estate, for taxation, and that the bank *shall be* and *remain liable* to the *State, county, city, town* and taxing district *for* the *taxes upon said shares of stock.*

2. That the Legislature had the authority to determine and direct the manner in which, and by whom, these shares of stock in national banks should be listed for taxation.

3. That as to property omitted from taxation, the statute of limitations do not apply at all. The intention of the Legislature was to require all omitted property in any and all years, to be listed for taxation, not intending that there should be any limitation to bar this being done. Owensboro Natl. Bank v. City

Commonwealth v. Citizens' National Bank.

Owensboro, 19, vol. Supreme Court Rep., 537, 173 U. S., 663, U. S. Rev. St., sec. 5219, Kentucky Statutes, 4241; Scobee, Sheriff v. Bean, &c., 22 R., 1078; Com., &c. v. Farmer's Bank, &c., 97 Ky., 590; Dep. Bank Owensboro v. Daviess Co., — R., 248; Board Councilmen Frankfort v. City of Frankfort, 22 R., 466; Bohanan, Sheriff v. Bank Shelbyville, 23 R., 508; L. & N. R. R. Co. v. Com., 85 Ky., 198; 88 Ky., 73; Cooley on Taxation, 306, 307, 311, 312; Mattingly v. Dist of Columbia, 97 U. S., 687; Cooley's Con. Limitations, 371.

ROBERT T. QUISENBERRY, ATTORNEY FOR CITIZENS' NATIONAL BANK, &C., APPELLEES.

Our contention is, that the Act of March 21, 1900, is unconstitutional, and in contravention to the U. S. statutes, because:

1. It deprives a person of his property without due process of law, and hence is a violation of the Fourteenth Amendment to the Constitution of the United States.

2. It empowers counties, towns and taxing districts to assess *shares* of stock in national banks, and levy and collect taxes thereon, which is in contravention of section 5219, United States Revised Statutes.

3. It requires the president and cashier to list the shares of stock in national banks with the assessing officers *in solido* in the name of the bank, and makes the bank responsible for the tax which may be levied thereon, which is equivalent to levying a tax upon the capital of the bank, and requires all assessments of said *shares* of stock to be entered upon the assessor's books, certified and reported by the assessing officers as assessment of real estate are entered certified and reported, instead of requiring said shares to be included in the valuation of the personal property of the owner and holder of such shares in assessing taxes IMPOSED BY AUTHORITY OF THE STATE, all of which provisions of said act are directly in conflict with the terms of section 5219, and violently in contravention thereof:

4. It empowers State, counties, cities, towns, and taxing districts to assess *shares* of stock in national banks for a number of years prior to its enactment, and to levy and collect taxes thereon for these prior years, which is also violently in contravention of the terms of section 5219, United States Revised Statutes.

### AUTHORITIES CITED.

U. S. Rev. St., sec. 5219; Owensboro Nat. Bank v. Owensboro, 173 U. S., 669, 676; Van Allen v. The Assessors, 3 Wal-

Commonwealth v. Citizens' National Bank.

lace, 584; U. S. Rev. St., sec. 5210; Owen County Court v. Farmers' Nat. Bank, 22 R., 916; Com. Nat. Bank of Ogden v. Alma D. Chambers, 21 Sup. Ct. Rep., 865; Holden v. Hardy, 169 U. S., 366; Palmer v. McMahon, 133 U. S., 669; First Nat. Bank of Richmond v. City of Richmond, &c., 39 Fed. Rep., 313; Nat. Bank of Va. v. City of Richmond, &c., 42 Fed. Rep., 877; Aberdeen Bank v. Chehalis County, 166 U. S., 440; Merchants' & Manufacturers' Bank v. Pa., 167 U. S., 461.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

This proceeding was instituted in the Boyle county court in the name of the Commonwealth, by the sheriff of Boyle county, to have the shares of stock of the Citizens' National Bank of Danville assessed for taxation for county purposes for the years 1892-1899, inclusive, under section 4241, Ky. St., 1903. The bank, its president, and its cashier were made defendants. The demurrer to the jurisdiction of the court and to the capacity of the plaintiffs to maintain the action was overruled; also a general demurrer to the proceedings. An answer was then filed, and, the issues being made up, the court, after hearing the evidence, entered a judgment assessing the shares of stock as prayed. An appeal was taken to the circuit court, and there a judgment was rendered dismissing the proceeding, and the Commonwealth appeals.

The objection to the jurisdiction of the county court rests on the idea that section 4241 does not authorize the sheriff to have shares of bank stock which have been omitted listed for taxation. The section includes all omitted property. The objection to the jurisdiction of the county court was therefore not well taken, for, while it was the duty of the assessor to make the assessment under the act of March 21, 1900, when he failed to do so the shares of stock were property omitted by the assessor within the meaning of section 4241.

Commonwealth v. Citizens' National Bank.

The demurrer to the capacity of the plaintiff to maintain the proceeding was also properly overruled, for the proceeding was in the name of the Commonwealth, and instituted by the sheriff, who is authorized by section 4241 to institute it. The statement filed contains the necessary averments, distinctly showing that the property had been omitted by the assessor of Boyle county and the board of supervisors, and had not been taxed for the years named. It is insisted, however, that the act of March 21, 1900 (Acts 1900, p. 65, c. 23), is in conflict with the national bank act of the United States, and is to this extent void. The provisions of the national banking act relied on are as follows: "The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted. Such list shall be subject to the inspection of all the shareholders and creditors of said association and the officers authorized to assess taxes under State authority, during business hours of each day in which business may be legally transacted. A copy of such list, in the first Monday of July of each year, verified by the oath of such president or cashier, shall be transmitted to the comptroller of the currency." Section 5210, Rev. St., U. S. (U. S. Comp. St., 1901, p. 3498). "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the association is located; but the Legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to the

two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State, and that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes, to the same extent, according to its value, as other real property is taxed." Section 5219 (U. S. Comp. St., 1901, p. 3502).

The act of March 21, 1900 (Acts 1900, p. 65, c. 23), is as follows:

"Whereas, the Supreme Court of the United States has lately decided that article three (3), chapter one hundred and three (103) of the acts of eighteen hundred and ninety-one, eighteen hundred and ninety-two and eighteen hundred and ninety-three is void and of no effect in so far as the same provides for the taxation of the franchise of national banks, in consequence of which decision there is not now and has not been since adoption of said article in eighteen hundred and ninety-two, any adequate mode of taxing national banks, while State banks are now and have been ever since eighteen hundred and ninety-two, taxable for all purposes, State and local, therefore

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"(1) That the shares of stock in each national bank of this State, shall be subject to taxation for all State purposes and for the purposes of each county, city, town and taxing district in which the bank is located.

"(2) For purposes of the taxation provided for by the next preceding section, it shall be the duty of the president

and cashier of the bank to list the said shares of stock with the assessing officers authorized to assess real estate for taxation, and the bank shall be and remain liable to the State, county, city, town and taxing district for the taxes upon said shares of stock.

"(3) When any of said shares of stock have not been listed for taxation for any of said purposes under levy or levies of any year or years since the adoption of the reve-. nue law of eighteen hundred and ninety-two, it shall be the duty of the president and cashier to list the same for taxa- tion under said levy or levies: Provided, that where any national bank has heretofore, for any year or years, paid taxes upon its franchise as provided in article three (3) of the revenue law of eighteen hundred and ninety-two, said bank shall be excepted from the operation of this section as to said year or years; and provided further, that where any national bank has heretofore, for any year or years, paid State taxes under the Hewitt bill in excess of the State taxes required by this act for the same year or years, said bank shall be entitled to credit by said excess upon its State taxes required by this act.

"(4) All assessments of shares of stock contemplated by this act shall be entered upon the assessor's books, certified and reported by the assessing officers as assessments of real estate are entered, certified and reported, and the same shall be certified to the proper collecting officers for col- lection as assessments of real estate are certified for col- lection of taxes thereon.

"(5) The assessments of said shares of stock and collec- tion of taxes thereon, as contemplated by this act, may be enforced as assessments of real estate and collection of taxes thereon may be enforced.

"(6) The. purpose of this. act is to place national banks of this State, with respect to taxation, upon the same footing as State banks as nearly as may be consistently with said article three (3) of the revenue law and said. decision of the Supreme Court.

"(7) Whereas, it is important that State banks and national banks should .be taxed equally for all purposes, an emergency exists, and this act shall take effect and be in force from and after its passage."

It will be observed that by section 5210, Rev. St. U. S. (U. S. Comp. St., 1901, p. 3498), the president and cashier of every national bank shall cause to be kept at all time a full and correct list of the shareholders. in the bank, subject to the inspection of the officers authorized to assess taxes under State authority. It will also be observed that by section 5219 the shares of stock in the bank may be included in the valuation of the personal property of the holder of the shares in assessing taxes imposed by authority of the State; and the Legislature of each State may determine the manner and place of taxing the shares of the stock, subject to these two restrictions: (1) The taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the State; (2) the shares of stock owned by nonresidents of the State shall be taxed in the city or town where the bank is located, and not elsewhere. Real property of the bank is subject to State, county, or municipal taxes to the same extent, according to its value, as other real property is taxed. At the time the act of March. 21, 1900, was passed, the Supreme Court of the United States had in the case of Owensboro National Bank v. Owensboro, 173 U. S., 664, 19 Sup. Ct., 537, 43 L. Ed., 850, held the previous statute of Kentucky in con-

flict with the act of Congress, because by it the tax was levied on the franchise of the bank or its intangible property and not upon the shares of stock as the property of the stockholders. The act in question was passed to avoid the effect of this decision. It had been previously held by the Supreme Court in a number of well considered opinions that a State may levy a tax on the shares of stock and require the bank to pay the tax. This was first held in National Bank v. Commonwealth, 9 Wall., 353, 19 L. Ed., 701, which was followed in Bell's Gap Railroad v. Penn., 134 U. S., 232, 10 Sup. Ct. 533, 33 L. Ed., 892; Van Slyke v. Wisconsin, 154 U. S., 581, 14 Sup. Ct., 1168, 20 L. Ed., 240, and Aberdeen Bank v. Chehalis County, 166 U. S., 440, 17 Sup. Ct., 629, 41 L. Ed., 1069. The act of March 21, 1900, follows the rule approved in these cases in so far as it makes the bank the agent of the stockholder for the purpose of assessing the shares of stock and paying the taxes thereon for him. In assessing the shares of stock in the bank the assessing officer must be governed by the rule that it shall not be at a greater rate than is assessed upon other moneyed capital invested in State banks. New York v. Tax Commissioners, 4 Wall., 244, 18 L. Ed., 344; Aberdeen Bank v. Chehalis County, 166 U. S., 443, 17 Sup. Ct., 629, 41 L. Ed., 1069. The franchise of the bank, which is granted to it by the United States government, is not subject to taxation. Section 6 of the act of March 21, 1900, provides that the purpose of the act is to place national banks, with respect to taxation, upon the same footing as State banks, and one reason given for the emergency clause is that it is important that State banks and national banks should be taxed equally for all purposes. Under these provisions any exemption from taxation which would be allowed a State bank, or any deduc-

tion that would be made in favor of a State bank, must, under the act of 1902, be made in the assessment of the shares of stock of a national bank. In no respect may the moneyed capital invested in a national bank be taxed under the act at a higher rate than the moneyed capital invested in State banks, nor may any discrimination be made against the national bank. Taxes levied by counties, cities, towns, and taxing districts are imposed by authority of the State. Counties are but subdivisions of the State, created for governmental purposes. They derive their authority from the State, and can levy no taxes except such as the State authorizes them to levy. They levy taxes by authority of the State, and the levies they make are as fully the act of the State as those made by the Legislature itself. The only difference is that the Legislature, under the power vested in it, instead of levying these taxes itself, authorizes local legislative bodies better adapted to understand the local necessities to make the levies as the local exigencies require. This power of the Legislature, which is universally exercised, is recognized in sections 157, 158, 159, and 180 of the Constitution, and is in words conferred on the Legislature by section 181: "The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may by general laws confer on the proper authorities thereof respectively the power to assess and collect such taxes." Unquestionably, the State, in the distribution of the powers of the government may commit to one body the power to levy certain taxes, and to another the power to levy others; but when it does this all the taxes so levied are levied by the authority of the State. It was held under the previous statute that the shares of stock in national banks might be assessed to the shareholder by the assessor, and should be given

in by the shareholder in the list of his personal property. Scobee v. Bean, 109 Ky., 526, 22 R., 1076, 59 S. W., 860. The act of March 21, 1900, did not, therefore, make that taxable which was not taxable before but simply provided another mode for the assessment of the shares of stock and the payment of the taxes. It was the duty of the assessor to make the assessment. It was also the duty of the president and cashier of the bank to list the shares of stock with the assessor; but when the assessment was not made the property was simply omitted from the tax list, and the sheriff is authorized by section 4241, Ky. St., 1903, to institute the proceeding to have any omitted property assessed. A penalty may be properly imposed in the proceeding because the property was not listed with the assessor as required by law, and stood as any other property for the assessment of which a proceeding under section 4241 may be instituted. While neither the bank, nor its president, nor its cashier is the owner of the shares of stock, the bank is made by the act the agent of the shareholders, and the notice to it is notice to his agent, within the meaning of section 4241. The president and cashier were properly made defendants because it is made their duty by the statute to list the stock. The bank is required to keep a list of its shareholders, and therefore knows who they are. Notice to the agent in an assessment of property is sufficient notice to his principal whom he represents. Certainly the agent can not raise the question of the want of notice to his principal, or maintain that the proceeding is in violation of the fourteenth amendment to the Constitution of the United States. Nor can it raise the question that peradventure some of the shares may have changed hands. These defenses can only be made by the shareholders, and do not properly arise in this case.

Limitation was not pleaded as to the retrospective assessments, but we have held in several cases that retrospective assessments were barred after five years from the time the property should have been assessed. The shares in the bank, as held in Scobee v. Bean, might have been assessed every year in the name of the shareholders. The act of 1900 created no new right; it simply gave a new remedy. The statute began running when the property might have been assessed, and the right to make the assessment after five years is barred. On the return of the case the defendants will be allowed to amend their answer and set up limitation if they desire to do so.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Judges Paynter and Nunn  dissent.

Judge O'Rear dissents from so much of the opinion as holds the act of 1900 valid.