# COVINGTON v. FIRST NATIONAL BANK OF COVINGTON.

# FIRST NATIONAL BANK OF COVINGTON v. COVINGTON.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF KENTUCKY.

Nos. 113, 114. Argued January 5, 1905.—Decided April 17, 1905.

A Federal court is not required to give a judgment in a state court any greater weight than is awarded to it in the courts of the State in which it was rendered. As it is the settled rule in Kentucky that an adjudication in a suit for taxes is not an estoppel between the parties as to taxes of any other year, even though such adjudication involves the finding of an exemption by contract, not only as to taxes involved in the suit, but also as to all taxes that might be levied under the contract, the

Federal courts will not enjoin the collection of taxes for subsequent years on the ground that their invalidity was adjudicated by such a judgment.

The statute of Kentucky of March 21, 1900, taxing shares of national banks, from the years 1893 to 1900 and thereafter held, void and in conflict with § 5219, Rev. Stat., as to those portions which are retroactive as imposing a burden on the bank not borne by other moneyed corporations of the State, and valid and not in conflict with § 5219 as to taxes imposed thereafter.

A difference in methods in assessing shares of national banks from that of taxing state banks does not necessarily amount to a discrimination, rendering the act invalid under § 5219, and justify the judicial interference of courts for the protection of the shareholders, unless it appears that the difference in method actually results in imposing a greater burden on the national banks than is imposed on other moneyed capital in the State.

THIS case was here upon a former appeal, which was dismissed for want of final decree in the court below. *Covington v. Covington First National Bank*, 185 U. S. 270.

The original action was brought to enjoin the assessment or collection of taxes on certain shares of capital stock of the First National Bank of Covington for the years from 1893 to 1900, inclusive, and to enjoin the arrest of the president and cashier of the bank for not listing such shares, and for a decree adjudicating the same not liable to taxation up to the time of the expiration of the charter of the bank on November 17, 1904.

The principal grounds alleged and relied upon are that by reason of the acceptance of the terms of the act of the general assembly of Kentucky, passed in 1886, known as the Hewitt law, an irrevocable contract had been made between the bank and the State, whereby the former was to pay to the State taxes at a certain rate on its stock, surplus and undivided profits, which, when paid, were to be in full of all other State, county or municipal taxes, except those levied on the bank's real estate. It was averred that complainant had regularly paid such taxes up to and including those due July 1, 1900. That the fact that the bank had such irrevocable contract had been adjudicated and finally determined by a decision in the

Court of Appeals of Kentucky in a litigation wherein the
State and the city of Covington and the bank were parties.
The bill further set up that an attempt was being made to
compel the complainant to list for taxation its shares of stock
under an act of the State of Kentucky, passed March 21, 1900
(Session Acts 1900, p. 65). The act under which the taxes
were assessed is given in the margin of the opinion in the case
of *Covington* v. *Covington First National Bank*, 185 U. S. *supra*,
and for convenience of reference is also inserted in the margin
here.[1]   It was also averred in the bill that the act of March 21,

---

[1] "An act relating to the taxation of the shares of stock of national banks:

"Whereas, the Supreme Court of the United States has lately decided
that article three (3), chapter one hundred and three (103), of the acts of
eighteen hundred and ninety-one, eighteen hundred and ninety-two, and
eighteen hundred and ninety-three is void and of no effect in so far as the
same provides for the taxation of the franchise of national banks, in con-
sequence of which decision there is not now and has not been since adoption
of said article in eighteen hundred and ninety-two any adequate mode of
taxing national banks, while state banks are now, and have been ever since
eighteen hundred and ninety-two, taxable for all purposes, State and local;
therefore: .

"*Be it enacted by the General Assembly of the Commonwealth of Kentucky:*

"Section 1. That the shares of stock in each national bank of this State
shall be subject to taxation for all state purposes, and shall be subject to
taxation for the purposes of each county, city, town and taxing district in
which the bank is located.

"Sec. 2. For purposes of the taxation provided for by the next preceding
section, it shall be the duty of the president and cashier of the bank to list
the said shares of stock with the assessing officers authorized to assess real
estate for taxation, and the bank shall be and remain liable to the State,
county, city, town and district for the taxes upon said shares of stock.

"Sec. 3. When any of said shares of stock have not been listed for taxa-
tion for any of said purposes under levy or levies of any year or years since
the adoption of the revenue law of eighteen hundred and ninety-two, it
shall be the duty of the president and cashier to list the same for taxation
under said levy or levies: *Provided*, That where any national bank has here-
tofore, for any year or years, paid taxes upon its franchise as provided in
article three (3) of the revenue law of eighteen hundred and ninety-two, said
bank shall be excepted from the operation of this section as to said year or
years: *And provided further*, That where any national bank has heretofore,
for any year or years, paid state taxes under the Hewitt bill in excess of the
state taxes required by this act for the same year or years, said bank shall
be entitled to credit by said excess upon its state taxes required by this act.

1900, which undertakes to impose taxes for the years 1893 and following, is unconstitutional and void, and operates to discriminate against the complainant, in violation of section 5219 of the Revised Statutes of the United States. The defendants having filed a plea to the jurisdiction and a general demurrer to the bill, upon motion for a temporary injunction, attempts to enforce taxes levied or assessed upon the shares of capital stock at any time previous to March 21, 1900, were enjoined. 103 Fed. Rep. 523.

December 17, 1900, a decree was entered, but not being final the writ of error was dismissed. 185 U. S. *supra.* After the case was sent back to the Circuit Court the prior decision in that court was followed, and it was further held that the judgment of the state court was not a bar to the right to collect taxes for other years than the year directly involved in the judgment set up, and that as the Hewitt law and its acceptance by the bank had been conclusively held not to constitute an irrevocable contract as to taxes between the State and the complainant, and as the law was valid as to future taxation the injunction could not be granted as to taxes assessed under the law of March 21, 1900, after its passage. A decree was, therefore, entered, dismissing the complainant's bill as to taxes levied after said date, and permitting the former

"SEC. 4. All assessments of shares of stock contemplated by this act shall be entered upon the assessor's books, certified and reported by the assessing officers as assessments of real estate are entered, certified and reported, and the same shall be certified to the proper collecting officers for collection as assessments of real estate are certified for collection of taxes thereon.

"SEC. 5. The assessments of said shares of stock and collection of taxes thereon, as contemplated by this act, may be enforced as assessments of real estate and collection of taxes thereon may be enforced.

"SEC. 6. The purpose of this act is to place national banks of this State, with respect to taxation, upon the same footing as state banks as nearly as may be consistently with said article three (3) of the revenue law and said decision of the Supreme Court.

"SEC. 7. Whereas, it is important that state banks and national banks should be taxed equally for all purposes, an emergency exists, and this act shall take effect and be in force from and after its passage."

Approved March 21, 1900.

decree enjoining the assessment and levying of taxes before the passage of the law to stand. 129 Fed. Rep. 792.

From so much of the decree as enjoined the taxes assessed prior to March 21, 1900, the city appealed; from so much thereof as refused the injunction and dismissed the bill as to taxes assessed after that date, the bank appealed. Both appeals are now before this court.

*Mr. J. H. Hazelrigg*, with whom *Mr. F. J. Hanlon* and *Mr. Ira Julian* were on the brief, for the City of Covington:

The act of March 21, 1900, providing for taxation of shares of national banks is not repugnant to § 5219, Rev. Stat., because of its retroactive provision. Kentucky Stat., Ch. 108; *Nat. Bank* v. *Owensboro*, 173 U. S. 664; *Board of Councilmen* v. *Mason & Foard Co.*, 100 Kentucky, 48; Blackwell on Tax Titles, 5th ed., § 324; Kentucky Statutes, §§ 3176-3375, 4020, 4022, 4090, 4241; Constitution of Kentucky, §§ 170-174; *Scobee* v. *Bean*, 22 Ky. L. R. 1076; *Chester* v. *Black*, 6 L. R. A. 802; *Butler* v. *Toledo*, 5 Ohio St. 225; *Mills* v. *Charleston*, 29 Wisconsin, 400; *Marion Co.* v. *L. & N. R. R. Co.*, 91 Kentucky, 388; *In re Van Antwerp*, 56 N. Y. 261; *L. & N. R. R. Co.* v. *Commonwealth*, 1 Bush. 250; *Long* v. *Kiende*, 27 Hun, 66; *Mattingly* v. *Dist. Columbia*, 97 U. S. 687; *Plummer* v. *Marathon Co.*, 46 Wisconsin, 104; *Florida &c. R. R.* v. *Reynolds*, 183 U. S. 471; Cooley on Taxation, 291, 309; *Mercantile Nat. Bank* v. *New York*, 121 U. S. 138; *Lou. & Jeff. Ferry Co.* v. *Commonwealth*, 22 Ky. L. R. 446; *Commonwealth* v. *Citizens' Nat. Bank* and *Citizens' Nat. Bank* v. *Commonwealth*, 25 Ky. L. R. 2254; *London* v. *Hope*, 26 Ky. L. R. 112.

The act in controversy is not unconstitutional by reason of any conflict whatever with section 5219 Rev. Stat. *Adams* v. *Nashville*, 95 U. S. 22; *Bank* v. *Commonwealth*, 9 Wall. 362; *Nat. Bank* v. *Davenport &c.*, 123 U. S. 83; *Van Slyke* v. *Wisconsin*, 154 U. S. 581; *First Nat. Bank* v. *Ayres*, 160 U. S. 660; *Aberdeen Bank* v. *Chehalis Co.*, 166 U. S. 440; *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461; *Lander* v.

*Mercantile Bank*, 186 U. S. 458; *Hammond* v. *Massachusetts &c.*, and *Churchill* v. *Utica*, 154 U. S. 550; and see 3 Wall. 387; *People* v. *Commissioners*, 4 Wall. 244.

As to the alleged contract of exemption, the estoppel proposed by the bank should not prevail in this court because the same would not prevail in the courts of Kentucky. Section 905; Rev. Stat.; *Mills* v. *Duryee*, 7 Cr. 484; *Hampton* v. *McConnell*, 3 Wheat. 234; *McElmoyle* v. *Cohen*, 13 Pet. 326; *Christmas* v. *Russell*, 5 Wall. 290; *Thompson* v. *Whitman*, 18 Wall. 457; *Phoenix Ins Co.* v. *Tennessee*, 161 U. S. 184; *Abrahams* v. *Casey*, 179 U. S. 218; *Newport* v. *Commonwealth*, 21 Ky. L. R. 47; *Metcalf* v. *Watertown*, 153 U. S. 671; *Negley* v. *Henderson*, 59 S. W. Rep. 19; *Bell Co. Coke Co.* v. *Pineville*, 23 Ky. L. R. 933; *Cooper* v. *Newell*, 173 U. S. 555; *Union Planters' Bank* v. *Memphis*, 111 Fed. Rep. 570; *S. C.*, 189 U. S. 71; *Hilton* v. *Guyot*, 159 U. S. 113; *Chicago & A. R. R. Co.* v. *Wiggins F. Co.*, 108 U. S. 118; *Chase* v. *Curtis*, 113 U. S. 452; *Renaud* v. *Abbott*, 116 U. S. 227; *Embry* v. *Palmer*, 107 U. S. 3; *New Orleans* v. *Citizens' Bank*, 167 U. S. 371; Freeman on Judgments, § 576; Wills' Res Judicata, § 531; *Deposit Bank* v. *Frankfort*, 191 U. S. 499; *Bergman* v. *Bly*, 66 Fed. Rep. 40, 43; *Lavin* v. *Emigrant Savings Bank*, 1 Fed. Rep. 641, 650; *Shelby* v. *Gay*, 11 Wheat. 367; *Green* v. *Neal's Lessees*, 6 Pet. 299; *Morley* v. *Lake Shore Ry. Co.*, 146 U. S. 166; *Insurance Company* v. *Iron Company*, 42 Fed. Rep. 376; *Railroad Company* v. *Blossburg*, 20 Wall. 137, 143; *Bank* v. *Bank*, 136 U. S. 235; *Lawton* v. *Young*, 52 Fed. Rep. 439; *Sanford* v. *Roe*, 69 Fed. Rep. 546; *Bauserman* v. *Blunt*, 147 U. S. 647; *Thompson* v. *Sawyer Co.*, 57 Fed. Rep. 1030; *Luther* v. *Borden*, 7 How, 1; *Christy* v. *Pidgeon*, 4 Wall. 196; *Leffingwell* v. *Warren*, 2 Black, 603; *Railroad Company* v. *Trust Company*, 82 Fed. Rep. 124; *Hill* v. *Hite*, 85 Fed. Rep. 268; *Railroad Company* v. *Reed*, 80 Fed. Rep. 234; *Rice* v. *Adler*, 71 Fed. Rep. 151; *Hodgson* v. *Burleigh*, 4 Fed. Rep. 121; *Durden* v. *Malloy*, 43 Fed. Rep. 407; *Railroad Company* v. *Guest*, 84 Fed. Rep. 628; *Southerland* v. *Village of Ernst*, 86 Fed. Rep. 597;

*Thomas* v. *Burney,* 35 Fed. Rep. 115; *Talliaferro* v. *Barnett,* 47 Arkansas, 359.

*Mr. Shelley D. Rouse* and *Mr. Edmund* ·*F. Trabue,* with whom *Mr. James S. Pirtle, Mr. John C. Doolan* and *Mr. Attila Cox, Jr.,* were on the brief, for First National Bank:

The act of March 21, 1900, so far as it is retroactive, in-. fringes the Fourteenth Amendment, in taking the property of the bank and its shareholders without due process, and denying it the equal protection of the law; and so far as it authorizes the assessment and taxation either previously or subsequently to March 21, 1900, discriminates against national banks and their shareholders, and offends § 5219 of Rev. Stat. *Commonwealth* v. *Citizens' Nat. Bk.,* 25 Ky. L. R. 2100, 2254; *Scobee* v. *Bean,* 109 Kentucky, 526; *Baldwin* v. *Shine,* 84 Kentucky, 502; *Lexington* v. *Fishback,* 109 Kentucky, 170; *Frankfort* v. *Fidelity Trust Co.,* 111 Kentucky, 667; *National Bank* v. *Owensboro,* 173 U. S. 664; *Ferry Co.* v. *Kentucky,* 188 U. S. 385, 395; *Bellevue* v. *Peacock,* 89 Kentucky, 495; *Van Allen* v. *Assessors,* 3 Wall. 573; *Railroad Co.* v. *Commonwealth,* 24 Ky. L. R. 2124; *Commonwealth* v. *Nute,* 24 Ky. L. R. 2138; *Franklin County Court* v. *L. & N. R. R. Co.,* 84 Kentucky, 59; *Commonwealth* v. *L. & N. R. R. Co.,* 89 Kentucky, 139.

The judgment of the Campbell Circuit Court, affirmed by the Kentucky Court of Appeals, adjudging in the bank's favor an irrevocable contract under the "Hewitt law" exempting the bank from all taxation, except by that law imposed, is *res judicata* of that question, and prevents its relitigation here. *Owensboro National Bank case,* 173 U. S. 648; *Bank of Kentucky* v. *Stone,* 88 Fed. Rep. 383; *S. C.,* 174 U. S. 799; *New Orleans* v. *Citizens' Bank,* 167 U. S. 371; *Sou. Pac. Co.* v. *United States,* 168 U. S. 45; *Baldwin* v. *Maryland,* 179 U. S. 220; *Newport* v. *Commonwealth,* 50 S. W. Rep. 845; *S. C.,* 51 S. W. Rep. 433; *Frankfort* v. *Deposit Bank,* 111 Kentucky, 950; *S. C.,* 191 U S. 499.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

That the acceptance of the provisions of the so-called Hewitt law did not constitute an irrevocable contract, releasing the bank from taxes upon compliance with its terms, has been settled. *Bank Tax Cases*, 102 Kentucky, 174; *Citizens' Savings Bank* v. *Owensboro*, 173 U. S. 636. Reference is made to the various cases leading up to this result in *Deposit Bank* v. *Frankfort*, 191 U. S. 499, 508. We are, therefore, left upon this branch of the case to consider the effect of the judgment of the state court of Kentucky, set up in the complainant's bill as an adjudication of the rights of the parties and a final determination that the acceptance of the Hewitt law had the effect of a valid contract. When this case was before the Circuit Court for the second time, 129 Fed. Rep. 792, Judge Cochran, after an elaborate review of the Kentucky cases, reached the conclusion that as the taxes involved in the case in which the adjudication was had were for a different year than those involved in this suit, the former judgment did not have the effect of an estoppel between the parties, being only conclusive, under the Kentucky decisions, as to taxes in the years involved in the suit in which the judgment was rendered. We do not doubt that this is the settled law of the Supreme Court of Kentucky. Nor does it make any difference, in the view which that court takes of the matter, that the adjudication as to the right to collect the taxes involved the finding of an exemption by contract, which included not only the taxes for the years in suit, but all taxes which might be levied under the authority of the contract. The ground upon which the court based its decision with reference to the effect of such adjudication is stated in the case of *City of Newport* v. *Commonwealth*, 106 Kentucky, 434, 444, as follows:

"The only question remaining for decision is upon the plea of *res judicata*.

"The plea in this case avers that the subject matter of the

former suit was identical with that involved in this action,
and that the facts were the same in both actions, except that
the former action attempted to collect a tax for the year 1893,
and the present action was attempting to collect a tax for the
year 1894.   .   .   .

"The authorities seem to hold that when a court of compe-
tent jurisdiction has, upon a proper issue, decided that a con-
tract, out of which several distinct promises to pay money
arose, has been adjudged invalid in a suit upon one of those
promises, the judgment is an estoppel to a suit upon another
promise founded on the same contract.   But taxes do not arise
out of contract.   They are imposed *in invitum.*   The taxpayer
does not agree to pay, but is forced to pay; and the right to
litigate the legality of a tax upon all grounds must, of necessity
exist, regardless of former adjudications as to the validity of
a different tax."

It is unnecessary to cite the cases; they will be found in
Judge Cochran's opinion.   It is sufficient to say that if this
case had been decided in the state court in Kentucky the ad-
judication pleaded herein, not involving taxes for the same
years as those now in controversy, would not avail as an es-
toppel between the parties.   It is true that a different rule
prevails in the courts of the United States.   The reasons there-
for were stated in an opinion by Mr. Justice White, speaking
for the court, in the case of *New Orleans* v. *Citizens' Bank,* 167
U. S. 371, and in cases arising in a Federal jurisdiction the
doctrine therein announced will doubtless be adhered to.   The
learned counsel for the plaintiff in error refer to the decision of
this court in *Deposit Bank* v. *Frankfort,* 191 U. S. *supra,* as
authority for the doctrine that where a contract right has been
adjudicated which involves an exemption from all taxation
such adjudication will conclude the parties as to the right to
legally tax for other years, although the particular year was
not directly involved in the suit in which the adjudication was
made.   But in that case the court was dealing with the effect
to be given to a judgment of a Federal court in which such

contract right had been adjudicated, when the Federal judgment was set up in a state court; and in that case it was recognized, in the opinion of the court as well as in the dissenting opinion, that the courts of Kentucky, in giving effect to the judgments of their own courts, were guided by a different rule, and in that State an adjudication involving taxes for one year cannot be pleaded as an estoppel in suits involving taxes for other years. 191 U. S. 514, 524.

The case of *Deposit Bank* v. *Frankfort* was only concerned with the effect to be given to a Federal judgment adjudicating a contract right, when pleaded in a state court. We are now dealing with the weight to be attached to a state judgment when pleaded as *res judicata* in a Federal court. That was the very question decided by this court in the case of *Union &
Planters' Bank* v. *Memphis*, 189 U. S. 71, wherein it was held that the Federal courts were not required to give to such judgments any greater force or effect than was awarded to them by the courts of the State where they were rendered. Upon this branch of the case the question then is, What effect is given in the courts of Kentucky to such pleas of estoppel? As we have seen, it is there settled that the judgment would not be effectual to protect the alleged contract rights of the complainant as to the taxes involved for years other than the one directly involved in the adjudication set up. We, therefore, find no error in the judgment of the Circuit Court refusing an injunction upon the ground of an estoppel by judgment.

As to the taxes for the years prior to the passage of the act of March 21, 1900, it is argued by the bank that to give this retroactive effect to the law will be to deprive it and its stockholders of their property without due process of law, and will be in violation of section 5219 of the Revised Statutes, prohibiting discrimination against national banks and their stockholders. The act of March 21, 1900, as stated in the preamble, was passed because of a decision of this court holding prior legislation of the State undertaking to tax the property of national banks unconstitutional. *Owensboro National Bank* v.

*Owensboro*, 173 U. S. 664. In the *Owensboro case* it was held that section 5219, Rev. Stat., was the measure of the power of the State to tax national banks, their property or franchises, which power was confined to the taxing of the stock in the name of the shareholders and the assessment of the real estate of the banks, and that taxation under the laws of the State of Kentucky upon the franchise of the bank was not within the purview of the authority conferred by the act of Congress, and was therefore illegal. Section 5219 of the Revised Statutes of the United States is as follows:

"SEC. 5219. Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the association is located; but the legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State, and that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed."

Under the new taxing law, act of March 21, 1900, it is declared to be the purpose to require the bank to return the shares of stock for the years prior to 1900, and since the adoption of the revenue law of 1892, with the privileges and deductions stated in section 3 of the act. Notwithstanding the prior revenue law had been held invalid, and there was no statute specifically taxing these shares of national bank stock on the statute books of Kentucky, prior to the passage of the act of March 21, 1900, the Supreme Court of Kentucky, in the case of

*Scobee* v. *Bean,* 109 Kentucky, 526, has held that there was ample statute law in that State for the taxing of shares in national banks under the laws of that State providing for the taxation of real and personal property of every kind, and that the provision that the individual shareholder in a corporation shall not be required to list his property therein so long as the corporation pays the taxes on its property of every kind, impliedly requires the individual to list his shares and pay the tax in the absence of the return required by law of the corporation. In that case the court held that there was nothing in its decisions running counter to section 5219. These views were further enforced in *Commonwealth* v. *Citizens' National Bank,* 80 S. W. Rep. 158; *Town of London* v. *Hope,* 80 S. W. Rep. 817; *Citizens' National Bank of Lebanon* v. *Commonwealth,* 25 Ky. L. R. 2254. Following the state court in the interpretation of its own statutes, it may be said that, as to shareholders residing in Kentucky and over whom the State has jurisdiction, the Supreme Court of that State has construed its statutes as requiring shareholders in national banks for the years 1893 to 1900, inclusive, to return their shares for taxation; and if they did not make the return the duty was required of the corporation. In this view of the law it may be that, as to local shareholders, the act of March 21, 1900, as held by the Supreme Court of Kentucky, created no new right of taxation, but gave simply a new remedy, which by the law, is operative to enforce pre-existing obligations. It may be admitted that section 5219 permits the State to require the bank to pay the tax for the shareholders. *National Bank* v. *Commonwealth,* 9 Wall. 353; *Van Slyke* v. *Wisconsin,* 154 U. S. 581; *Aberdeen Bank* v. *Chehalis County,* 166 U. S. 440.

But there is nothing in the general statutes of Kentucky before the act of March 21, 1900, specifically requiring national banks to return shares of stock in the corporation when such shares are held by persons domiciled beyond the State. The situs of shares of foreign-held stock in an incorporated company, in the absence of legislation imposing a duty upon the

company to return the stock within the State as the agent of
the owner, is at the domicile of the owner.   Cooley on Taxa-
tion, 16.   It is true that the State may require its own corpora-
tions to return the foreign-held shares for the owner for the
purposes of taxation.   *Corry* v. *The Mayor and Council of
Baltimore,* 196 U. S. 466.   Section 5219, Rev. Stat., authorizes
the State to tax all the shares of a national banking associa-
tion, including those owned by non-residents, as well as those
owned in the State, in the city or town where the bank is
located, but this section does not itself impose the tax; it is
authority for state legislation to thus tax national bank share-
holders.   And this statute is express authority to the State by
appropriate legislation to make the bank the agent of the
shareholders for the purpose of returning the shares and pay-
ing the taxes thereon.

In *Commonwealth* v. *Citizens' National Bank,* 80 S. W. Rep.
158, the Kentucky Court of Appeals seems to have held that
a national bank might be required, under § 4241, Kentucky
Statutes of 1903, to return the shares held in it for the years
1893 to 1900, inclusive, as omitted property.   In that case it
is said: "It was held under the previous statute that the shares
of stock in national banks might be assessed to the shareholder
by the assessor, and should be given in by the shareholder in
the list of his personal property.   *Scobee* v. *Bean,* 109 Ken-
tucky, 526; *S. C.,* 59 S. W. Rep. 860.   The act of March 21,
1900, did not, therefore, make that taxable which was not
taxable before, but simply provided another mode for the
assessment of the shares of stock and the payment of the taxes.
It was the duty of the assessor to make the assessment.   It was
also the duty of the president and cashier of the bank to list
the shares of stock with the assessor; but when the assessment
was not made the property was simply omitted from the tax
list, and the sheriff is authorized by section 4241, Ky. Stat.,
1903, to institute the proceeding to have any omitted property
assessed."   And the court further held the bank liable for the
penalty imposed for not listing taxable property.   The ground

upon which this judgment rests is that shareholders were bound to return the shares in the years from 1893 to 1900 under the then existing state law, and the act of 1900 made the bank the agent of the shareholders and did not require a new duty, but only imposed the duty upon the agent as a means of making effectual the former obligation of the shareholders. None of the Kentucky cases deals with the effect of the requirement under the act of 1900, that the bank return the shares of stock held by foreign stockholders, who clearly were not required under the previous laws of that State to return shares of stock when neither the shares nor the owners were within the State.

Section 5219 requires that a State in taxing national banks shall be subject to the restriction that the taxation shall not be at a greater rate than is assessed upon other capital in the hands of the individual citizen   Neither this section nor section 5210 of the Revised Statutes, requiring a list of the shareholders to be kept by the bank, has the effect to levy taxes. It is a limitation upon the right of the State, and the State must not discriminate against national banks by the use of methods of taxation differing from those in use in taxing other moneyed capital in the hands of individual citizens.

It is averred in the amended bill, and the answer having been stricken from the files and the case submitted upon the plea to the jurisdiction and general demurrer, it must be taken as true "that during said years [1893 to 1900] many of its shareholders were non-residents of the State of Kentucky, who, in many instances, have sold and transferred their shares of stock during said time."

The statutes of the State of Kentucky, which have been construed by the Supreme Court of that State in the cases cited, to require the payment of taxes by the shareholders or by the bank for its shareholders, can have reference only to shareholders within the jurisdiction of the State. Whether the system operates as a discrimination against national banks within the prohibition of section 5219, involving, as it does, a

right of Federal creation must be ultimately determined in this court. The act of March 21, 1900, imposes upon the bank a liability for taxes assessed upon its shareholders, whether within or without the State. This liability did not exist before the passage of the act, and in *Commonwealth* v. *Citizens' National Bank, supra,* the Court of Appeals of Kentucky held that the statutes of the State made the bank liable for a penalty of twenty per cent for the years 1893 to 1900, inclusive. It seems to us that to permit the statute to require the bank to return the shares of such foreign-held stock, and be subjected to a penalty in addition, is imposing upon national banks a burden not borne by other moneyed capital within the State. In support of the equivalency of taxation, which it is the purpose of section 5219 to require, this court said, in *Owensboro National Bank* v. *Owensboro,* 173 U. S. 664, 676: "The alleged equivalency, in order to be of any cogency, must of necessity contain two distinct and essential elements—equivalency in law and equivalency in fact."

Without considering the question of constitutional power to tax non-resident shareholders by means of this retroactive law, it seems to us that in imposing upon the bank the liability for the past years, for taxes and penalty, upon stock held without the State, and which before the taking effect of the act under consideration it was not required to return, there has been imposed upon national banks in this retroactive feature of the law a burden not borne by other moneyed capital in the State. This law makes a bank liable for taxes upon property beyond the jurisdiction of the State, not required to be returned by the bank as agent for the shareholders, by a statute passed in pursuance of the authority delegated in § 5219, thus imposing a burden not borne by other moneyed capital within the State.

We think the Circuit Court was right in that part of the decree which enjoined the collection of taxes against the bank for the years 1893 to 1900, inclusive.

As to the alleged discrimination against shareholders in

national banks because the assessment of the property of state banks is upon the franchise and not upon the shares of stock, there is nothing in the bill to show that this difference in method operates to discriminate against national bank shareholders by assessing their property at higher rates than are imposed upon capital invested in state banks. And as to the deduction of the value of real estate and other deductions allowed to state banks, the Supreme Court of Kentucky has held that all deductions allowed to state banks must be allowed in like manner in assessing the property of shareholders in national banks. *Commonwealth* v. *Citizens' Bank*, 80 S. W. Rep. 158. Nor does the allegation that in cities of the first, second and third class state banks are assessed upon their shares for city taxation, but upon their franchises and property for state and county taxation, in the absence of averments of fact showing that thereby a heavier burden of taxation is imposed upon national than state banks in such cities, warrant judicial interference for the protection of shareholders in national banks. *Davenport Bank* v. *Davenport Board of Equalization*, 123 U. S. 83.

*Judgment affirmed.*