IN RE ASSESSMENT OF STOCK IN SIOUX CITY STOCK YARDS COMPANY.

BOARD OF SUPERVISORS, Appellant, v. SIOUX CITY STOCK YARDS COMPANY, Appellee.

No. 43839.

June 15, 1937.

A. W. Johnson, Paul E. Roadifer, and Addison G. Kistle, for appellants.

Milchrist, Schmidt & Marshall and H. C. Harper, for appellees.

Parsons, J.—This is the second time this case has been to this court. The first time it came up at the instance of the appellee herein. The only question involved in that appeal was of the service of the notice of appeal, and in that case the court held that the service of notice was proper. In re Sioux City

Stock Yards Co., 222 Iowa 323, 268 N. W. 18. Matters then came on for hearing before the district court of Woodbury County, before Hon. F. H. Rice, presiding judge, and as the result of the court sustaining the motion to dismiss, in three divisions, the case was ended in that court without trial, and an appeal was again taken, and is now here for consideration.

The appellee herein, Sioux City Stock Yards Company, is a corporation doing business at Sioux City, Iowa, with its principal place of business there, and is subject to assessment for taxation purposes in Sioux City, Woodbury County, Iowa.

Prior to the adjournment of the local board of review for the year 1935, the members of the board of supervisors and said board, and Woodbury County, Iowa, filed with said local board of review objections to the assessment of the Sioux City Stock Yards Company for the year 1935. These objections were overruled by the district court and an appeal was duly made to the supreme court, which affirmed the ruling of the lower court.

On the 28th day of August, 1935, appellants, board of supervisors, filed a petition in equity, setting forth and pointing out the matters complained of in regard to the assessment involved herein. The petition alleged that the Sioux City Stock Yards Company was incorporated, with its principal place of business at Sioux City, Iowa; that the company was the owner on January 1, 1935, of certain personal property, to wit: shares of the corporation stock of the Sioux City Terminal Railway Company, of the actual value for taxation purposes of $200,000; that it was the owner of shares of stock issued by the Sioux Falls Stock Yards Company, which was taxable in the sum of $380,000; and that in addition the company was the owner of personal property consisting of machinery, furniture and fixtures, not listed for taxation, of a value greater than that assessed. That the assessor failed to assess all these stocks.

The petition pointed out in paragraph 7 that the personal property consisting of machinery, furniture and fixtures, should have been assessed at a valuation of $4,000, instead of the $2,000 it was assessed. There seems to be no radical variance between the objections set out before the Sioux City board of review and the objections set out in the petition.

In the objections before the board of review it was asked that there be added to the assessment rolls all of the shares of stock of the Sioux Falls Stock Yards Company of the value of

$380,000, same to be taxed on the statutory basis; and that it also add to the assessment roll the stock of the Sioux City Terminal Railway Company at a value of $200,000; and that it also add the shares of stock in the Sioux City Stock Yards Company as against the company, as agent of the owners and holders, for the purpose of taxation, a valuation of $3,800,000. In other words, the objections asked that it add $4,380,000 to the assessment roll of the Sioux City Stock Yards Company.

The objections further set out that the corporation involved was assessable and subject to a tax by virtue of sections 7008–7013, inclusive, and that it had been assessed under sections 6971 and 6972 of the Code.

So that it appears that the only objections made before the board of review was as to the improper assessment under sections 7008–7013, inclusive, when it should have been under sections 6971 and 6972, and that no reference whatever was made in the objections filed before the board of review to the claimed failure to set out this stock in the assessment, or the nonlisting of personal property for taxation.

While it is true that the objections before the board of review did say that the board should proceed to make an assessment against the Sioux City Stock Yards Company and its property, etc., yet the objections also show that certain tangible personal property had not been mentioned in the objections, other than in the prayer. Nothing specific was pointed out.

The Sioux City Stock Yards Company filed before the court a motion to dismiss the appeal, based upon the result of certain proceedings had in the courts, and before the state board of assessment and review concerning the assessment of 1933, in which the assessment of this company was involved. The court in ruling upon the motion held:

1. That the questions raised by the appellee's motion to dismiss are propositions of law which should be decided by the court.

2. That the motion to dismiss raises particular issues of fact which have been tried and determined in the case of F. Price Smith, County Treas. of Woodbury County, Iowa, v. Sioux City Stock Yards Company, 219 Iowa 1142, 260 N. W. 531.

3. That it was apparent from the face of the petition and transcript that the same particular issues of fact which have here-

tofore been tried and determined adversely to the appellant, are again raised in this proceeding.

The court ordered that divisions I, II and III of said motion to dismiss be sustained, and the appeal dismissed, to all of which the appellants in this case excepted.

This ruling was entered on the 22nd day of September, 1936, and on the 13th day of October, 1936, the appellants filed their election to stand on the petition; and on the same date the, court entered its judgment and decree, dismissing appellants' petition, to which order the appellants herein excepted and gave proper notice of appeal, and the case is now before us for determination.

As before stated, the motion to dismiss was in three divisions, the first division setting up that the state board of assessment and review had adjudicated that such stock was not subject to assessment, and that this was affirmed in the case of Smith v. Sioux City Stock Yards Co., 219 Iowa 1142, 260 N. W. 531; and in Lytle Inv. Co., 219 Iowa 1099, 260 N. W. 538, and that said appeal is one that cannot be taken by the officers of Woodbury County, and they cannot now litigate these matters which have been fully litigated before. The second division set up that defendants move that said appeal be dismissed as to any objection to, or request for, a levy by the city assessor upon the stock yards company; holding that the decisions in the Lytle case and in the Smith case affirmed the judgment of the district court, as set out in Exhibit C attached. Division III set up that the Sioux City Stock Yards Company has been declared to be a mercantile company under the definition of section 6971 of the Code, for taxation purposes.

■■■ The appellant points out it is only where the defense arises on the face of the petition that a motion to dismiss is proper. A motion to dismiss is in effect a demurrer, and a speaking demurrer is unallowable. Citing sections 11130 and 11133; Frazier v. Wood, 215 Iowa 1202, 1206, 247 N. W. 618, 619; Ritter v. Schultz, 211 Iowa 106, 108, 232 N. W. 830, 831; McPherson v. Commercial Bldg. & Sec. Co., 206 Iowa 562, 218 N. W. 306.

In the Frazier case the court says:

" 'It is conceded, and properly so, that the motion to dismiss was the same, in effect, as a demurrer to the answer at law, or under former practice in equity.' "

In the Ritter case the court says:

"It is apparent that the appellant has misconceived the office of a demurrer. The matters urged at this point do not appear upon the face of the petition. A demurrer can apply only as to matters alleged in and appearing upon the face of the petition; it concedes that the averments of fact well pleaded in the petition are true; nothing else is considered by the court in the determination of a demurrer to the petition, other than the averments of the petition and the demurrer." It is held further in this opinion: "To render a petition demurrable on the ground that the cause of action therein stated is barred by the statute of limitations, it must affirmatively appear from the averments of the petition that the cause is so barred."

In McPherson, it is held that judicial proceedings which are extraneous to a pleading which is demurred to may not be considered in ruling on the demurrer, either in the trial or the appellate court.

The matters undertaken to be set out in the demurrer and which are not shown in the pleadings are matters which appeared in what might be called the transcript, which came over from the local board of review.

■■■ The transcript proper should consist of the assessment as made by the assessor; of the objections that were filed thereto; and of the ruling of the board of review on the objections. The other matters, concerning an opinion of the city attorney and citation of cases, which are set out in the alleged transcript, are extraneous. They consist principally of recitations of cases previously tried involving taxes of other years. These were brought into the demurrer by reference, or by copying the substance. It is possible that the stock yards company could be heard on these, were they set up in a pleading in the nature of an answer, but not as a part of the demurrer, or motion to dismiss in equity, which is simply a demurrer, and has been so held repeatedly by the court. So it amounts to including matters which should have been pleaded. The demurrer admitted all the things not attacked; it admitted the assessments; admitted the valuations placed on by the assessor. It was simply an attempt to claim they were precluded by a former litigation, which will be considered in another part of this opinion.

The assessment was objected to by reason of the fact that

the corporation was classified as a "merchant" under section 6971, and that it should have been classed under the statutes providing for assessment of corporations, sections 7008–7013, inclusive.

Section 6971 of the Code defines "merchant" and section 6972 states how stocks of merchandise shall be assessed; and among other provisions provides:

"The assessment shall be made at the average value of the stock during the year next preceding the time of assessment, and if the merchant has not been engaged in business for one year."

The controversy herein seems to be as between the assessment of the stock yards company as a merchant, or under the provisions of section 7008, etc. In either case it would seem that the actual value of the property owned by the corporation to be assessed, whether under the statutes applying to the merchant or under the statute applying to corporations generally, section 7008, should be applied.

An examination of the transcript filed, as shown in the abstract, shows that the total assessment as against the Sioux City Stock Yards Company is $71,890. The objections to the assessment raise the question that it is inadequate; that the stock yards company should have been assessed for a larger amount; and the amount runs into large figures, if the contentions of the objections of appellants herein are correct.

This is an appellate procedure, triable in equity. It is not an equity case proper, but it is triable in equity, consequently triable *de novo* here, when it comes up on the merits.

Sections 7008–7013 provide for the assessment of shares of corporation stock, other than those included in chapters 330–341, inclusive (section 6944 et seq.), and except as provided in section 7102 (which is the section dealing with cooperative members, and they are to be taxed as real estate served by transmission lines).

Section 7008 provides how the shares of stock of any corporation organized under the laws of this state, except those provided for in chapter 331, shall be assessed to the owners as moneys and credits at the place where its principal business is transacted. And further provides that in arriving at the assessable value of the shares of stock of such corporations, the amount of their capital actually invested in property other than moneys

and credits shall be deducted from the actual value of such shares. Such property other than moneys and credits shall be assessed as other like property.

Section 7009 provides for the statement to the assessor by the corporation, on or about the 25th day of January of each year.

Section 7010 provides that if the assessor is not satisfied with the appraisement and valuation furnished he may make a valuation of the shares of stock based upon the facts contained in the statement of the corporation, or upon any information within his possession, or that shall come to him, and shall, in either case, assess to the owners the stock at the valuation made by him.

As to the right of appeal, section 7135 provides:

"Any officer of a county, city, town, township or school district interested or a taxpayer thereof may in like manner make complaint before said board of review in respect to the assessment of any property in the township, city, or town and an appeal from the action of the board of review in fixing the amount of assessment on any property concerning which such complaint is made, may be taken by any such aforementioned officers.

"Such appeal is in addition to the appeal allowed to the person whose property is assessed and shall be taken in the name of the county, city, town, township, or school district interested and tried in the same manner, except that the notice of appeal shall also be served upon the owner of the property concerning which the complaint is made and affected thereby or person required to return said property for assessment."

Under this statute we see no reason why this appeal was not properly taken by the officers of Woodbury County, who filed the same. The board of supervisors represents the county, i. e., the public, to see that the assessments were made properly so that taxes may be properly collected from every one who should pay taxes, and in the amount according to the assessed value of the property involved.

In the case of Smith v. Sioux City Stock Yards Company, 219 Iowa 1142, 260 N. W. 531, we were dealing simply with the construction of the act creating the board of assessment and review, to correct errors, irregularities, or omissions in assessments of individual taxpayers by adding to the tax list any omitted

property or by raising, lowering, or abating an assessment found to be erroneous or excessive. The act further provides that the state board shall notify the county auditor or county treasurer of any such corrections or change, and the county auditor or county treasurer shall amend the assessment roll or tax list to conform to the order of the board. Hence, the board having made an order in this case, and the matters having been heard, the county treasurer had nothing to do except to obey the order.

■■■ The appellee raises the question that the effect of the former orders of the courts in the Lytle case and in the Smith case are such that because of the assessments of 1933 the court made certain decisions, that these decisions now are practically *res judicata* in the matter involved here, and are an estoppel as against the proceedings instituted by the county officers in this case. With that we cannot agree, and we think we are supported in that proposition in the case of City of Davenport v. Railway Co., 38 Iowa 633, for there the court lays down the rule that each year's taxes constitutes a distinct and separate cause of action. They do not in any sense grow out of the same transaction; (2) the cause does not fall within the principle involved where a particular issue of fact is determined, and judgment rendered accordingly, the parties being afterward estopped from denying the issues thus determined.

In Covington v. First Nat. Bank, 198 U. S. 100, 25 S. Ct. 562, 564, 49 L. Ed. 963, the court had before it the question of taxation of the shares of stock in a national bank.

The question of a former adjudication was raised by reason of decisions with reference to taxes of another year, and the plea of *res judicata* as to the taxes was put in practically the same as in this case. This was an appeal from the U. S. District Court of Kentucky, 129 Fed. 792. Justice Day, who wrote the opinion, quoted approvingly from the opinion of Judge Cochran of the district court, in which the case was tried, as follows:

"The only question remaining for decision is upon the plea of *res judicata*. The plea in this case avers that the subject-matter of the former suit was identical with that involved in this action, and that the facts were the same in both actions, except that the former action attempted to collect a tax for the year 1893, and the present action was attempting to collect a tax for the year 1894. * * *

"The authorities seem to hold that when a court of competent jurisdiction has, upon a proper issue, decided that a contract, out of which several distinct promises to pay money arose, has been adjudged invalid in a suit upon one of those promises, the judgment is an estoppel to a suit upon another promise founded on the same contract. But taxes do not arise out of contract. They are imposed *in invitum*. The taxpayer does not agree to pay, but is forced to pay, and the right to litigate the legality of a tax upon all grounds must of necessity exist, regardless of former adjudications as to the validity of a different tax."

We think this correctly states the rule applicable here. The objections filed in this case, that the assessment as a merchant was improper, and that the assessment should have been made under section 7008, we think are proper, and that upon a retrial of this case in the district court the court may and should go into the question as to whether or not the stock yards company was properly assessed under sections 6971 and 6972, or whether it comes under sections 7008 et seq.

To do this requires the taking of evidence to show the character of the corporation, what was its line of business, could it be properly classified as a "merchant"? Also, we think that the objections raised to the assessment make it necessary for the court to take testimony as to the value of the various items pointed out in the objections, as well as to go over the other matters involved, and that this must be done to arrive at an equitable adjustment of the case. This must be done, or else the court cannot arrive at a proper conclusion on the matters involved herein.

So we must hold that in ruling upon the motion to strike, the lower court erred, and that as the complainants, or objectors, as they may be called, permitted judgment to go against them, they have the right of appeal, and the matter is properly before this court.

Therefore, for the reasons pointed out, the decision of the lower court is reversed, and the cause is remanded to the district court of Woodbury County for the purpose of trial upon the merits and a full hearing as to all the facts relating to the assessment.—Reversed and remanded.

RICHARDS, C. J., and HAMILTON, KINTZINGER, SAGER, and STIGER, JJ., concur.